¶ 1 Department II of the Court, composed of Chief Justice Fairhurst and Justices Madsen, Stephens, González and Yu, considered this matter at its July 10, 2018, Motion Calendar and unanimously agreed that the following order be entered.
¶ 2 Raymond Garland sought review of an unpublished Court of Appeals decision denying his timely personal restraint petition challenging his convictions after a third trial for second degree murder, second degree manslaughter, and second degree assault. This department granted review and remanded to the superior court for a reference hearing on two issues: first, whether defense counsel Barbara Corey advised Mr. Garland of a November 2008 plea offer, and if not, whether defense counsel was ineffective for failing to convey the plea offer; and second, whether defense counsel changed trial strategies without researching and understanding the effect of the change, and if so, whether defense counsel was ineffective for doing so. The superior court conducted an evidentiary hearing and entered findings that Mr. Garland failed to demonstrate that his attorney did not convey the plea offer, and thus he failed to prove that defense counsel was ineffective. On the second issue, the court held that Mr. Garland failed to demonstrate that his attorney did not research and understand the effect of any strategy change, and thus Mr. Garland failed to demonstrate ineffective assistance of counsel.
¶ 3 To demonstrate ineffective assistance. Mr. Garland must show that Ms. Corey's performance was objectively unreasonable and that he was prejudiced. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Prejudice is established when there is a reasonable probability that, but for counsel's unprofessional performance, the result of the trial would have been different. State v. Hendrickson, 129 Wn.2d 61, 78, 917 P.2d 563 (1996). When the superior court rules on an ineffective assistance claim in relation to a reference hearing, the court's ultimate conclusion of law as to ineffective assistance is reviewed de novo, while the findings of fact are reviewed for substantial evidence. In re Pers. Restraint of Brett, 142 Wn.2d 868, 873-74, 16 P.3d 601 (2001).
¶ 4 Here, substantial evidence supports the superior court's findings of fact, which are largely based on credibility determinations following witness testimony. In light of those findings and credibility determinations, Mr. Garland fails to demonstrate that he received ineffective assistance of counsel. See In re Pers. Restraint of Elmore, 162 Wn.2d 236, 257-59, 172 P.3d 335 (2007).
¶ 5 IT IS ORDERED:
¶ 6 That the Petitioner's personal restraint petition is dismissed.
For the Court/s/ Fairhurst, C.J. CHIEF JUSTICE